IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLOTTE ROSS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 09-CV-02361 |
| | § | |
| HOUSTON HOUSING AUTHORITY | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Houston Housing Authority ("HHA" or "the Agency") files its Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint as follows:

**I.
Introduction**

Plaintiff's first Motion for Leave to File Amended Complaint (Dkt. 12) sought leave to amend her pleadings so her counsel could seek to recover attorney's fees that he was previously prohibited from recovering.  Defendant filed its notice of non-opposition, the Court granted Plaintiff's Motion, and Defendant filed its First Amended Answer.

Plaintiff now seeks leave to file her Second Amended Complaint.  The following deadlines expired prior to Plaintiff filing her Motion for Leave to File Second Amended Complaint: amending pleadings, expert witness designations for both Plaintiff and Defendant, discovery, dispositive motions, and all other pretrial motions.  *See* Dkt. 9 (October 19, 2009 scheduling order).  To date, the following have occurred:

- The parties exchanged written discovery,
- Plaintiff was deposed,
- Defendant filed its First Amended Motion for Summary Judgment (Dkt. 22),
- Plaintiff filed her Motion for Partial Summary Judgment (Dkt. 23),
- Plaintiff filed her Opposition to Defendant's First Amended Motion for Summary Judgment (Dkt. 26),[1] and
- Defendant filed its Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 28).

The Joint Pretrial Order is due less than two months from now on June 8, 2010, and the docket call is set for June 16, 2010. *Id.* Plaintiff now seeks to amend her pleadings again so she may "only add a single sentence" to support her 42 U.S.C. § 1983 claims by further pleading that policies, patterns, and practices of Defendant were the cause of her alleged due process violations. Dkt. 27, p. 1 ¶ 1, p. 2 ¶ 3; Dkt. 27-1, p. 13 ¶ 42. Plaintiff understates the effect of amending her complaint at this late stage of the proceedings.

## II.
## Argument

Because the deadline to amend pleadings has passed, FED. R. CIV. P. 16(b) governs the amendment of pleadings. *See Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008). Rule 16(b) requires that a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.*; *see* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The good cause standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins., Inc., RRG v. Ford*

---

[1] Defendant intends to file a reply to Plaintiff's Opposition to Defendant's First Amended Motion for Summary Judgment.

*Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim*, 551 F.3d at 348.  For the reasons discussed below, Plaintiff's Motion for Leave to Amend should be denied.

 Plaintiff Does Not Sufficiently Explain her Failure to Timely Move for Leave to Amend.

Plaintiff's only explanation for failing to timely move for leave to amend is that she became aware of her pleadings deficiency after reading Defendant's First Amended Motion for Summary Judgment.  Dkt. 27, p. 2 ¶ 4.  Defendant's First Amended Motion for Summary Judgment was timely filed on the March 12, 2010—Plaintiff filed her Motion for Leave on April 2, 2010, some three months after the December 31, 2009 deadline to amend.  Although Plaintiff attributes the pleadings deficiency to an inadvertent oversight, no reason for the delay in seeking leave to amend was expressly stated.  *See Unger v. Taylor*, Nos. 08-40755 & 08-40945, 2010 U.S. App. LEXIS 4349, at *7 (5th Cir. Mar. 2, 2010) (unpublished) (affirming district court's denial of *pro se* plaintiff's Rule 16 motion to amend his "inartfully pled" claims citing defendants' failure to consent to amendment and plaintiff's failure to explain the untimeliness of his motion).

 Plaintiff Understates What Really Needs to be Amended to Support her Claims.

Plaintiff's statement that she simply seeks to "add a single sentence" understates the effect of her pleadings deficiency because, in addition to omitting key language to support her Section 1983 claims, she omits facts to support her intended claims—her live complaint and proposed amended complaint, Motion for Partial Summary Judgment, and

Response to Defendant's Motion for Summary Judgment do not specify what policy, practice or custom is at issue and do not specify how any policy, practice or custom caused a constitutional violation. Thus, more than one sentence must be added to Plaintiff's proposed Second Amended Complaint and Motion for Partial Summary Judgment to provide Defendant fair notice of the basis for Plaintiff's Section 1983 claims.

<u>Defendant will be Prejudiced if Plaintiff is Permitted to Amend</u>.

Although Plaintiff asserts that she will not need to conduct additional discovery, Defendant will need to conduct additional discovery to determine the alleged factual bases for Plaintiff's claims because her proposed Second Amended Complaint, Motion for Partial Summary Judgment, and Response to Defendant's Motion for Summary Judgment are all silent on this issue. Defendant relied upon the facts and claims presented in Plaintiff's First Amended Complaint when it deposed the Plaintiff, prepared its Motion for Summary Judgment, and responded to Plaintiff's Motion for Partial Summary Judgment. Plaintiff's proposed amendment will require Defendant to unnecessarily incur attorney's fees for additional discovery, and to amend its Motion for Summary Judgment and its response to Plaintiff's Motion for Partial Summary Judgment.

Moreover, Plaintiff fails to appreciate that Defendant, in its Motion for Summary Judgment, not only identified Plaintiff's failure to plead, but also challenged the factual sufficiency of Plaintiff's Section 1983 claims. In particular, Defendant challenged Plaintiff's failure to provide evidence of any custom, practice or policy attributable to Defendant's policymaker, the HHA Board of Commissioners, that can be said to have

been the moving force behind her alleged constitutional violations.   Additionally, Defendant argued that there was no evidence that the Agency's policymaker acted with deliberate indifference to Plaintiff's constitutional rights.   The mere addition of one sentence to Plaintiff's complaint would not cure Plaintiff's failure to raise a genuine issue of material fact in response to HHA's Motion for Summary Judgment.

<u>Permitting Plaintiff to Amend will Delay the Court's Ruling on<br>the Parties' Dispositive Motions, Necessitating a New Trial Date</u>.

Docket call is on June 16, 2010—two months from now.  Permitting Plaintiff to amend will bring delay while Defendant engages in additional discovery and amends its Motion for Summary Judgment and response to Plaintiff's Motion for Summary Judgment; delay will also come while Plaintiff prepares responsive pleadings.  The practical effect of these delays is that the Court will likely not have an opportunity to rule on the parties' dispositive motions before the eve of trial.  Thus, if the docket call and trial dates are not continued, Defendant will have to prepare for trial even though Plaintiff's claims may be disposed of on summary judgment.  Although a continuance can cure the temporal inequities that will arise from Plaintiff's proposed amendment, the Court is within its discretion to deny Plaintiff's Motion for Leave.  *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 537 (5th Cir. 2003) (stating district judges have the "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" and affirming trial court's exercise of discretion in denying a continuance where no explanation for delay was offered, additional discovery would be needed, and the continuance would unnecessarily delay the trial).

## <u>PRAYER</u>

Houston Housing Authority prays that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint, and award it any and all further relief to which it may be justly entitled.

Respectfully submitted,

FELDMAN, ROGERS, MORRIS & GROVER, L.L.P.

_____

RICHARD A. MORRIS
Attorney-in-Charge
State Bar No. 14497750
Fed. ID No.  15004
Email address:  rmorris@feldmanrogers.com
ADAM D. COURTIN
State Bar No. 24053153
Fed. ID No. 712007
Email address:  acourtin@feldmanrogers.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:     713/960-6025

ATTORNEYS FOR DEFENDANT
HOUSTON HOUSING AUTHORITY

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, I electronically filed the foregoing Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint to Plaintiff's Motion to Amend with the Clerk of Court using the CM/ECF system and notice was electronically provided to the following CM/ECF system participants.

Mark J. Grandich
Yvonne Alvarez
Lone Star Legal Aid
1415 Fannin, Third Floor
Houston, Texas 77002

_____

Counsel for Defendant
Houston Housing Authority