# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLOTTE ROSS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2361 |
| | § | |
| HOUSTON HOUSING AUTHORITY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Charlotte Ross's Motion for Leave to File Second Amended Complaint ("Motion to Amend") [Doc. # 27], seeking to amend her Complaint to add an allegation that the challenged conduct was caused by the policies, patterns, and practices of Defendant Houston Housing Authority. Defendant filed a Response [Doc. # 29] opposing the Motion to Amend. Plaintiff neither filed a Reply nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court concludes that Plaintiff has not shown good cause as required by Rule 16 of the Federal Rules of Civil Procedure. Consequently, the Motion to Amend is **denied**.

## I. BACKGROUND

Plaintiff was a participant in Defendant's subsidized housing program for the poor. Plaintiff filed this lawsuit on June 26, 2009, alleging that Defendant wrongfully

terminated her from that program.  Plaintiff seeks to be reinstated in the program and to obtain a money judgment for alleged damages she incurred while terminated from the program.

On January 15, 2010, Plaintiff filed her First Amended Complaint [Doc. # 16] adding a claim for attorneys' fees.  Discovery closed on February 22, 2010.  On March 12, 2010, the deadline for dispositive motions, Defendant filed a Motion for Summary Judgment [Doc. # 22].  The next day, March 13, 2010, Plaintiff filed a Motion for Partial Summary Judgment [Doc. # 23].[1]

On April 2, 2010, more than three months after the December 31, 2009, deadline for amendments to pleadings, Plaintiff filed her Motion to Amend, which is now ripe for decision.

## II.   **RULE 16 STANDARD**

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired.  *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).  "Rule 16(b) provides

---

[1]     Plaintiff filed a motion seeking an extension of time to permit the late-filing of her Motion for Partial Summary Judgment.  Defendant did not oppose the motion, which the Court granted by Order [Doc. # 25] entered March 16, 2010.

that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'"  *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b).   Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).   To determine whether the moving party has established good cause, the Court considers the following four factors:   "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

## III.   ANALYSIS

### A.   Explanation for Failure to Amend By Deadline

In the Motion to Amend, Plaintiff's only explanation for her failure to include the proposed amendment in the First Amended Complaint is "inadvertent oversight by counsel."  *See* Motion to Amend, p. 2.   Plaintiff's counsel concedes that he "already has sufficient evidence in his possession to establish certain policies, patterns and practices" were followed by Defendant and caused Plaintiff's alleged injuries. *See id.* at 2-3.

"In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp*., 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit). As a result, the admission regarding Plaintiff's prior knowledge and possession of supporting evidence causes this factor to weigh heavily against allowing the amendment and, indeed, provides a basis to deny the Motion to Amend.

### B.   Importance of the Amendment

The proposed amendment is not particularly important because Defendant's Motion for Summary Judgment [Doc. # 22] is not based exclusively on Plaintiff's failure to *plead* a governmental policy, pattern or practice, but also on Plaintiff's

failure to present evidence of such a policy, pattern or practice. Plaintiff's counsel asserts that he has adequate evidence and "is prepared to make this information immediately available to the Defendant." *See* Motion to Amend, p. 3. The discovery deadline, however, expired February 22, 2010, and Plaintiff offers no explanation why the relevant evidence was not provided to Defendant during discovery. The "importance" factor weighs slightly in favor of allowing the proposed Second Amended Complaint.

### C.   Potential Prejudice in Allowing the Amendment

Defendant will suffer significant prejudice if Plaintiff is granted leave to amend to add the new allegation. As noted above, the discovery deadline expired more than a month before the Motion to Amend was filed. Defendant conducted written discovery and deposed Plaintiff based on the allegations in Plaintiff's First Amended Complaint, and it should not be required to conduct additional discovery, including redoing discovery already completed, to address the new, untimely allegation.

Defendant will also be prejudiced because the motions deadline has expired. Defendant has filed a Motion for Summary Judgment and Plaintiff has filed a Motion for Partial Summary Judgment, to which Defendant has responded. If the amendment is allowed, Defendant will be required to prepare a supplemental Motion for Summary Judgment and a supplemental response to Plaintiff's motion.

Defendant will be prejudiced because allowing the amendment will result in the need to continue the docket call and, thus, the trial. Docket call is currently scheduled for June 16, 2010. Defendant is entitled to have this matter tried in a timely fashion without unreasonable delay caused by "inadvertent oversight" on the part of Plaintiff's counsel.

This "prejudice" factor weighs heavily against allowing the Second Amended Complaint.

### D.   Availability of Continuance to Cure Prejudice

Two aspects of the prejudice to Defendant if the amendment is permitted cannot be cured by a continuance. The prejudicial expense related to conducting additional, repetitious discovery cannot be cured by extending the current deadlines. The prejudice caused by the resulting continuance of the current docket call and trial cannot be cured by continuing the docket call.

To the extent the prejudice related to the expiration of the discovery period and motions deadline could be cured by reopening discovery and allowing supplemental briefing on dispositive motions, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S&W Enters.*, 315 F.3d at 535 (citations omitted). The Court in this case exercises that discretion to preserve the integrity of

the current deadlines and, therefore, declines to extend the discovery and briefing deadlines.

## IV.   CONCLUSION AND ORDER

Although the "importance" factor weighs slightly in Plaintiff's favor, the other three factors weigh heavily against allowing the Second Amended Complaint. Plaintiff has failed to show good cause for the Court to modify its docket control order and permit the significantly late amendment.  As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 27] is **DENIED**.

SIGNED at Houston, Texas, this **28th** day of **April, 2010**.

Nancy F. Atlas
United States District Judge