IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLOTTE ROSS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-2361 | |
| § | | |
| HOUSTON HOUSING AUTHORITY, § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Defendant's Motion") [Doc. # 22] filed by Defendant Houston Housing Authority ("HHA"), to which Plaintiff Charlotte Ross filed a Response [Doc. # 26], and HHA filed a Reply [Doc. # 30]. Also pending is Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion") [Doc. # 23], to which HHA filed a Response [Doc. # 28]. Plaintiff did not file a Reply. Having reviewed the full record and applied governing legal authorities, the Court **grants** Defendant's Motion and **denies** Plaintiff's Motion.

**I.   BACKGROUND**

The underlying facts in this case are largely undisputed. HHA, a municipal governmental entity, administers the Section 8 Housing Choice Voucher Program

("Voucher Program"), a federally subsidized housing program for the poor. The Voucher Program is funded by the United States Department of Housing and Urban Development ("HUD").

Under the Voucher Program, qualified families may rent apartments that meet the program's Housing Quality Standards. If the Public Housing Agency ("PHA") approves a qualified family's apartment choice, it executes a Housing Assistance Payments ("HAP") Contract with the owner of the apartment pursuant to which the PHA agrees to make rental subsidy payments directly to the owner on the family's behalf. The family is required to comply with HUD's Family Obligations and is required to sign a form acknowledging that a failure to comply can result in termination of Voucher Program benefits. A family's Voucher Program benefits can also be terminated if a household member engages in certain criminal activity. Before benefits can be terminated for either reason, however, certain procedural safeguards must be followed, such as notice and an opportunity for an informal hearing.

Plaintiff was approved for participation in the Voucher Program in 2006, and she rented an apartment at Shadow Ridge Apartments ("Shadow Ridge"). HHA and Shadow Ridge executed an HAP Contract for HHA to pay directly to the landlord a portion of Plaintiff's rent.

In July 2008, HHA inspected Plaintiff's apartment at Shadow Ridge and determined that it did not comply with the HUD Housing Quality Standards. After the landlord failed to correct the identified deficiencies, HHA terminated the HAP Contract with Shadow Ridge after it failed a third inspection.

At that point, Plaintiff had two options. She would continue to reside at Shadow Ridge, but would be responsible for paying the full rent without the federal subsidy. Alternatively, she could reapply for a voucher for a different apartment that met the Housing Quality Standards. Plaintiff elected to apply for a voucher for a different apartment. During the recertification process, HHA determined that Plaintiff had a pending criminal charge for theft by check. Plaintiff was later arrested on that charge.

HHA mailed a Notice of Termination letter to Plaintiff informing her that HHA was proposing to terminate her Voucher Program benefits because she failed the criminal background check. On October 31, 2008, Plaintiff submitted a written request for an informal hearing. HHA mailed a Notice of Informal Hearing to the Shadow Ridge address listed by Plaintiff on her request for a hearing.[1] The hearing was to take place on December 5, 2008, but did not occur on that date. HHA mailed

---

[1] The record reflects that Plaintiff was judicially evicted from her apartment at Shadow Ridge in November 2008 and moved out of her Shadow Ridge apartment in December 2008. *See* Affidavit of Charlotte Ross, Exh. H to Plaintiff's Motion, ¶ 12.

a second Notice of Informal Hearing rescheduling the informal hearing to February 27, 2009. Plaintiff alleges that she did not receive the first Notice and did not receive the second Notice until after February 27, 2009.

No hearing was held on February 27, 2009, because the hearing officer noted that the criminal charge against Plaintiff was not the type for which benefits could be terminated and, therefore, directed that Plaintiff's housing assistance benefits not be terminated. The record is uncontroverted and establishes that HHA did ***not*** terminate Plaintiff's Voucher Program benefits. It appears that Plaintiff may not have received notice of HHA's decision not to terminate the benefits, in part because Plaintiff – at the instruction of her attorney – never contacted HHA after she submitted the written request for hearing dated October 31, 2008.[2]

---

[2] Plaintiff submitted an affidavit in support of her Motion for Partial Summary Judgment in which she stated that she contacted HHA several times after October 31, 2008. *See* Ross Affidavit, ¶ 13. This statement contradicts her sworn deposition testimony. *See* Deposition of Charlotte Ross, Exh. A to Defendant's Motion, pp. 79-80 ("Q: What was the next thing you did after you made this request on October 31, 2008? A: Waited to hear back. Q: Okay. And did you ever contact them? A: No."); pp. 81-82 ("Q: And so you haven't had any contact – direct contact with anyone at the Housing Authority since the day you submitted your request for hearing, dated October 31, 2008? A: Correct. Q: Well, when you hadn't heard anything, ma'am, why didn't you try to contact them? A: Well, once I employed Mr. Grandich, I was told not to have direct contact with them."). Although the contradiction between Plaintiff's affidavit and her deposition testimony was raised by the HHA in its Motion for Summary Judgment, Plaintiff in the Response offered no explanation for the inconsistency.

Plaintiff filed this lawsuit on June 26, 2009, and filed an Amended Complaint on January 15, 2010. Plaintiff alleges that "HHA wrongfully terminated her from the Voucher Program" and "improperly stopped making the rental payments it was obliged to pay on her behalf." *See* First Amended Complaint [Doc. # 16], ¶ 3. Plaintiff asserts a count under 42 U.S.C. § 1983 for an alleged violation of her due process rights and a count under the Supremacy Clause. Plaintiff seeks declaratory, injunctive, and monetary relief.

After a full opportunity to conduct discovery, Defendant moved for summary judgment on both counts and Plaintiff moved for partial summary judgment. Specifically, Plaintiff seeks summary judgment that her housing assistance was wrongfully terminated, that HHA is required to reinstate Plaintiff's housing assistance, that HHA "committed an error which caused an underpayment of assistance on Ross' behalf," that HHA must reimburse Plaintiff for the underpayment of housing assistance benefits, and that HHA must pay actual damages to Plaintiff in the amount of $9,081.00. *See* Plaintiff's Motion, ¶ 14. The motions are ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the

party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of

material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required

to believe. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000). Similarly, "it is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)); *accord Doe v. Dallas Independent School District*, 220 F.3d 380, 385-87 (5th Cir. 2000); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v.*

*Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III.   <u>SECTION 1983 CLAIM</u>

In Count One of the First Amended Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 against the HHA.  Plaintiff alleges that the HHA violated her constitutional right to due process when it terminated her benefits under the Voucher Program "without a factual basis for doing so, and with neither an adequate notice nor an adequate hearing."  *See* First Amended Complaint, ¶¶ 42, 50.

Municipal liability under § 1983 cannot be based on *respondeat superior*.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Instead, to prevail on a § 1983 claim against a municipality or municipal entity such as the HHA, the plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) (quoting *Peterson v. City of Fort Worth,* 588 F.3d 838, 847 (5th Cir. 2009)); *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978).

It is uncontroverted that the official policymaker for the HHA is its Board of Commissioners.  Plaintiff has not identified or presented evidence of any official

policy promulgated by the HHA's Board of Commissioners that caused any alleged violation of her due process rights. As a result, Defendant is entitled to summary judgment on Plaintiff's § 1983 claim.

## IV. SUPREMACY CLAUSE CLAIM

In Count Two of the First Amended Complaint, Plaintiff asserts that the HHA violated federal law when it terminated her benefits under the Voucher Program. *See* First Amended Complaint, ¶ 51. In her Response to Defendant's Motion for Summary Judgment, Plaintiff argues that the HHA breached various obligations under the federal Voucher Program.

Plaintiff has no viable Supremacy Clause claim because she does not identify any conflict between state and federal law with regard to the Voucher Program and, therefore, identifies no state or local law that would be preempted by federal law under the Supremacy Clause. *See Equal Access for El Paso, Inc. v. Hawkins*, 562 F.3d 724, 730 (5th Cir. 2009). Defendant is entitled to summary judgment on Plaintiff's Supremacy Clause claim.[3]

---

[3] For the same reasons Defendant is entitled to summary judgment on both claims asserted by Plaintiff in her First Amended Complaint, Plaintiff is not entitled to partial summary judgment on any aspect of those two claims.

## V.     CONCLUSION AND ORDER

In conclusion, the Court again notes that the evidence in the record establishes conclusively that HHA did *not* terminate Plaintiff's participation in the Voucher Program. Presumably, had she contacted the HHA at any time between submitting her October 31, 2008, request for a hearing and filing her lawsuit on June 26, 2009 (or any time thereafter), she would have been so informed and would be receiving Voucher Program benefits. Indeed, there is nothing in the record to suggest that Plaintiff is not currently eligible to apply for housing benefits under the Voucher Program.

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her § 1983 and Supremacy Clause claims. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 22] is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment [Doc. # 23] is **DENIED**. It is further

**ORDERED** that counsel for Plaintiff must send a copy of this Memorandum and Order to Plaintiff and must notify her personally of the Court's ruling and all matters contained in the Conclusion and Order section.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **29th** day of **April, 2010**.

_____
Nancy F. Atlas
United States District Judge